**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Zen Industries, Inc.,** | ) | **CASE NO. 1:16 CV 2352** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Hoffman Manufacturing, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. 14). This is a patent infringement case. For the reasons that follow, the Court finds that personal jurisdiction is lacking. In the interests of justice, this matter is transferred to the Eastern District of Washington.

### FACTS

Plaintiff, Zen Industries, Inc. d/b/a American Mine Door Co., filed this lawsuit against defendant Hoffman Manufacturing, Inc. Plaintiff is the owner of United States Patent Nos. 8,884,760 ('760 Patent) and 9,181,802 ('802 Patent). These patents cover inventions related to

1

high-pressure underground mine ventilation doors.  Plaintiff claims that defendant sells products that infringe these patents.  The complaint contains five claims for relief.  Counts one and two allege infringement of the '760 Patent and the '802 Patent, respectively. Count three alleges a violation of the Ohio Deceptive Trade Practices Act.  Count four is a claim for common law unfair competition.  Pursuant to count five, plaintiff indicates that it intends to amend the complaint to add a claim for infringement of a patent that has yet to issue.

Defendant moves to dismiss for lack of personal jurisdiction and improper venue.  In the alternative, defendant asks that the Court transfer venue to the Eastern District of Washington. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

Plaintiff has the burden of showing that personal jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996).  Plaintiff need only make a prima facie showing of jurisdiction, and the Court considers the pleadings and affidavits in a light most favorable to her. *Id.*  In resolving the Rule 12(b)(2) motion solely on the written submissions and affidavits rather than holding an evidentiary hearing, the district court does not weigh the controverting assertions of the party seeking dismissal.  *Chrysler Group LLC v. South Holland Dodge, Inc.,* 2011 WL 1790333 (E.D. Mich. May 10, 2011) (citing  *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir.1988).  Federal Circuit law is in accord.  *See, e.g., Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)("a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the

plaintiff's favor.")[1]

**ANALYSIS**

1. Patent infringement claims

Under Federal Circuit law, the determination of whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process; and (2) whether the assertion of personal jurisdiction would violate due process. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). *See also Genetic Implant Sys., Inc. v. Core-Vent Corp*., 123 F.3d 1455, 1458 (Fed. Cir. 1997).

> With regard to the due process prong, the Federal Circuit:
>
> has adopted a three-factor test embodying the Supreme Court's jurisprudence on specific personal jurisdiction. To determine whether jurisdiction over an out-of-state defendant comports with due process, we look to whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair. The first two factors correspond to the "minimum contacts" prong of the *International Shoe* analysis, and the third factor with the "fair play and substantial justice" prong. While the plaintiff bears the burden to establish minimum contacts, upon this showing, defendants must prove that the exercise of jurisdiction is unreasonable.

*Coyle*, 340 F.3d at 1350 (citations omitted).[2]

---

[1] The Court applies Federal Circuit law in ascertaining whether personal jurisdiction exists over the patent claims asserted by plaintiff and Sixth Circuit law to the remaining claims. *See, Coyle*, 340 F.3d at 1348.

[2] The parties do not differentiate between specific and general personal jurisdiction. It does not appear that plaintiff is claiming that defendant maintains systematic and continuous contacts with the State of Ohio such that general jurisdiction exists. Regardless, the Court finds that the materials before the Court fall far short of establishing general personal jurisdiction for both the patent

3

Upon review, the Court finds that personal jurisdiction over defendant is lacking. With regard to the first two factors, *i.e.* those that comprise the "minimum contacts" test, the Court finds that plaintiff fails to establish that defendant maintains minimum contacts sufficient to confer specific personal jurisdiction.

The only fact plaintiff that points to in support of personal jurisdiction is the website operated by defendant.[3] Therefore, the Court will address whether defendant's website is sufficient to show that defendant "purposefully directed its activities at residents" of Ohio and that plaintiff's claim "arises out of or relates to defendant's activities with the forum state."

Plaintiff argues that the website is "sufficiently interactive" to confer jurisdiction. According to plaintiff, although purchasers cannot place orders online, it does not follow that the website is not interactive. This is so because the nature of the product, *i.e.*, large mine ventilation doors that require measurements and installation, does not lend itself to online

---

infringement and state law claims. *See, See, Inc. v. Imago Eyewear Pty. Ltd.*, 167 Fed. Appx. 518 (6th Cir. 2006); *Campbell Pet Co. v. Miale Eyeglasses,* 542 F.3d 879 (2008). Accordingly, the Court's analysis is directed at specific personal jurisdiction.

[3]  The Court notes that plaintiff's complaint contains certain allegations directed at "jurisdiction and venue." By way of example, plaintiff alleges "upon information and belief" that "via the internet or otherwise" defendant "regularly [does or solicits] business in Ohio, maintain[s] continuous and systematic contacts in Ohio, and/or deriv[es] substantial revenue from goods and/or services provided to individuals in Ohio." (Compl. ¶ 10). Although the Court is not convinced that these allegations are factual in nature–as opposed to bare legal conclusions–, the Court notes that plaintiff **does not rely** on these allegations in opposing defendant's motion to dismiss. Rather, plaintiff relies only on the existence of defendant's website in support of its position that personal jurisdiction exists.

purchasing.  According to plaintiff, the website encourages prospective purchasers to contact defendant for price quotes or other inquiries.  Plaintiff notes that the website provides, "[W]e can be reached by phone, email, or in person.  Contact us today."  Plaintiff argues that the website essentially serves as a nationwide advertisement of defendant's products and services, including customers located in Ohio.

In response, defendant argues that its website is not interactive and, as such, the website standing alone is insufficient to confer personal jurisdiction in Ohio.  Defendant relies, in part, on an affidavit from Justin Hoffman, its president, who avers that the website does not accept sales.

Upon review, the Court finds that the website is not sufficient to confer personal jurisdiction over defendant.  In opposition to defendant's motion to dismiss, plaintiff attaches a copy of the "contact" page on defendant's website.  That page provides phone, fax, and email contact information for defendant's employees.  Nowhere does plaintiff provide the Court with any indication (or even argue) that an individual in Ohio could place an order on the website.  Moreover, plaintiff does not appear to dispute this fact and indeed argues that, given the nature of the products at issue, it is not unusual that orders cannot be placed online.  Notably, plaintiff does not argue that defendant *actually sold* any product to an Ohio resident as a result of the website.  As such, the Court finds that defendant's website is not sufficient to make a prima facie showing that defendant "purposefully directed its activities at residents" of Ohio.  Nor does plaintiff make a prima facie showing that the claim "arises out of or relates to the defendant's activities with the forum state."  In patent cases, the situs of the injury is the location at which a sale is made or the patentee loses business.  *See, North American Philips*, 35 F.3d 1576, 1578-79

(Fed. Cir. 1994).  Thus, even assuming *arguendo* that the website is sufficient to show that defendant "purposefully directed its activities at Ohio residents," plaintiff fails to make a prima facie showing that the patent infringement claims arise out of those contacts.  As such, the Court finds that specific personal jurisdiction does not exist over defendant with respect to the patent infringement claims. *See also, Canplas Indust., Ltd. V. InerVac Design Corp.*, 2013 WL 6211989 (N.D. Ohio Nov. 22, 2013).

Plaintiff relies on two cases from the District of Massachusetts in support of its claim that a website such as the one operated by defendant is sufficient to confer personal jurisdiction. *Morphotrust USA, LLC v. Indentrix, LLC*, 2016 WL 3512131 (D. Mass. June 21, 2016); *Edvisors Network, Inc. V. Education Advisors, Inc.*, 755 F.Supp. 2d 272 (D. Mass. 2010).  As an initial matter, the Court notes that it is not bound by those decisions and declines to follow the reasoning contained therein.  Regardless, the decisions are distinguishable in that both cases involved trademark as opposed to patent infringement, and both websites contained additional features not present here.  *See, Morphotrust*, at * 6 ("second, and more significantly, defendants' websites offer visitors a free live demonstration of defendants' [] product"); *Edvisors*, 755 F.Supp.2d at 282 (website invites users to request a free consultation by submitting information about themselves and to describe any issues they wish to discuss).

Because the Court finds that an exercise of personal jurisdiction over defendant with respect to plaintiff's patent infringement claims does not comport with due process, the Court need not address whether Ohio's long-arm statute would permit service of process on defendant.

2.  State law claims

For the same reasons set forth above, the Court finds that specific personal jurisdiction

over the state law claims is lacking as an exercise of personal jurisdiction does not satisfy due process.  The Sixth Circuit addressed a case with nearly the same facts in *See, Inc. V. Imago Eyewear Pty., Ltd.*, 167 Fed. Appx. 518 (2006).  In that case, the defendant's website did not allow users to make purchases, but allowed users to view the products.  It did, however, contain a form with dialogue boxes that permitted users to contact the defendant and send personal information through the website.  The court affirmed the district court's determination that, standing alone, such contacts "would offend due process."  Accordingly, based on *See*, the Court finds that personal jurisdiction over the state law claims is lacking.

### **CONCLUSION**

For the foregoing reasons, the Court finds that personal jurisdiction over defendant is lacking.  Accordingly, this matter is hereby transferred to the Eastern District of Washington.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/9/17